HILLSBOROUGH, OCTOBER TERM, 1818.

## LUCY DIX, ADMINISTRATRIX,
*versus*
### EZRA FLANDERS.

Where A. having received of B. who is one of the managers of a lottery, a number of lottery tickets, promised B. to return them to him, or one of the other managers three days before the day to be appointed by the managers for drawing the lottery, or pay five dollars for each ticket. It was held that A. was bound to take notice of the day appointed, at his peril, and that B. was entitled to recover for a breach of the contract without alleging and proving notice to A. of the day of drawing.

THIS was an action of *assumpsit*, brought by the plaintiff, as administratrix of *Timothy Dix*, jun. upon a contract in writing as follows :—

*Boston*, October 25, 1808.—I, the subscriber, of *Warner*, have received of *T. Dix*, jun. manager of *Dixville* road

lottery, ten tickets in the second class of said lottery, for the purpose of selling, which tickets I promise to return to him, or one of the other managers, three days before the day appointed by the managers for drawing said class, or pay him, or his order, for the same at five dollars each on demand—Commissions two per cent.—*Ezra Flanders.*

The managers of the lottery appointed the 24th of June, 1809, for drawing the said second class, but *Dix* did not give notice of the time of drawing to *Flanders,* and the only question was, whether this action could be maintained without alleging and proving such notice.

*R. Fletcher* for the plaintiff.

*P. Noyes* for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J.—In cases of this kind, it is never necessary to give notice, unless it was expressly or impliedly a part of the contract, this notice should be given. When there is an express stipulation as to notice, there can be no difficulty : but it is often not a little embarrassing to determine, when such a stipulation is to be inferred from the terms of the contract. We are however inclined to think, that the true rule is this : when the extent of the contract is not precisely known, but is to depend upon facts more particularly within the knowledge of the promisee than of the promiser, or where the time of performance is to be directly determined by the promisee, the law raises by implication a stipulation that notice shall be given to the promiser, and it must be averred and proved. But when the extent of the contract is to be ascertained by facts not particularly within the knowledge of the promisee, or when the time of performance is to depend upon some collateral act of the promiser or of a stranger, the promiser must be considered as having contracted to take notice at his peril, and notice need not be alleged and proved. Thus when the promise was to pay A. for barley, so much as he should receive of any other person for barley, notice was held to be necessary, because it was more particularly within the knowledge of A. how he sold

Dix
*vs.*
Flanders.

his own barley.—2 *Cro.* 432. *Hall* vs. *Henning.*—1 *Cro.* 249. *Brable* vs. *Hollywell.*—*Com Dig. Pleader c.* 73.—1 *Chitty Pl.* 320.—*Lawes' Pleading in assum.* 207.

But when the contract was to pay such sum as a third person should name, or to pay when the promiser returned from Rome, it was held, that there was no implied stipulation for notice, but the promiser was bound to take notice at his peril.—*Com. Di. Pleader c.* 75.—*Chitty Pl.* 320.—*Lawes' Pl.* 207.

In the present case, *Flanders* promised to return the tickets three days before the day to be appointed for drawing the lottery. The appointment of a day for drawing was a matter entirely collateral to the contract. The time, then, when the contract was to be performed, depended upon a collateral act of *Dix* and others, and according to the rule *Flanders* was bound to take notice of it at his peril. If there was any danger that he could not ascertain the time of drawing in season, it was his own folly not to guard against such danger by an express stipulation.

It is the opinion of the court that there must be judgment for the plaintiff.